## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 26 2015, 9:00 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sammie L. Binion,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 26, 2015

Court of Appeals Case No.
71A03-1503-CR-106

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1408-F6-122

**Najam, Judge.**

## Statement of the Case

Sammie L. Binion appeals his sentence following his convictions for resisting law enforcement, as a Level 6 felony, and theft, as a Level 6 felony. Binion raises a single issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts and Procedural History

On August 22, 2014, Andrew Wynn, an asset protection officer at a Walmart store in South Bend, observed Binion place two pairs of pants in a shopping basket and then attempt to leave the store without having paid for them. Wynn stopped Binion and began to escort him back into the store, but Wynn then "took off running." Tr. at 115. Wynn observed Binion leave the premises in a vehicle, and Wynn reported the vehicle to South Bend Police Department Officer Brad Rohrscheib, who was nearby.

Officer Rohrscheib pursued Binion in a fully marked vehicle with his lights and sirens activated. But Binion refused to stop for Officer Rohrscheib. Instead, Binion drove away "at a pretty high rate of speed and . . . created some distance." *Id.* at 143. However, as Binion attempted to navigate a right turn, he lost control of his vehicle and crashed into a truck. Undeterred, Binion exited his wrecked vehicle and continued to flee on foot. Binion climbed a fence to access a golf course, where he "jumped down into [a] ravine drainage ditch area" that "lead to an underground drainage system or culvert . . . ." *Id.*

at 179.  While some officers gave chase, at the other end of the culvert other officers awaited Binion.  Once he exited the culvert, they arrested him.

[4]  The State charged Binion, in relevant part, with resisting law enforcement, as a Level 6 felony; theft, as a Level 6 felony; and failure to stop after an accident, as a Class C misdemeanor.  The court found Binion guilty after a bench trial.  And, following a sentencing hearing, the court sentenced Binion as follows:

> Well, the problem, Mr. Binion, is that you haven't done anything different since the age of sixteen.
>
> You first came to the attention of the criminal justice system when you were sixteen by committing three crimes[:]  battery[] resulting in bodily injury, criminal mischief[,] and another battery.  And all of those would be misdemeanors, if committed by an adult.
>
> Then as an adult you have . . . twelve misdemeanors and three prior felony convictions.
>
> There is resisting by flight, criminal trespass, criminal conversion.  All of those were . . . suspended sentence[s] and probation.
>
> You have your first felony in 2005 for forgery.  That was suspended, and [it] looks like you were put on probation, but the probation was revoked because of the commission of a new criminal offense.
>
> Then driving never having a license[;] I'm not so concerned about that.
>
> But in 2006, you're back at it again[.  B]attery, interfering with the reporting of a crime, then trespass after that.

There is another trespass, driving while never having a license, resisting law enforcement, possession of marijuana[.]

* * *

Then there is a battery again, where there was a failure in that situation to complete the BIP program Madison Center.

Then that takes us up to 2010, where there's a theft conviction as a D felony. A petition to revoke probation based upon two new criminal offenses. It looks like you ended up going to the DOC on that one.

Then another theft, which is one of the ones you got revoked for[.] Theft, as a D felony. Then you ended up in that case getting released from the DOC in July of 2013.

Then there was a parole violation and you were returned to the DOC. . . .

You got out of the DOC on March 13, 2014 . . . .

Then in the midst of all of that, you get another criminal conversion.

Then you have this situation here.

It was, quite honestly . . . a rather routine shoplifting case[] until you decided to take off from the officers. Then it got to be a lot more serious.

When I look at these resisting by flight when a vehicle is used, there are those situations where they get filed where I think that the person was just sort of contemplating in their mind whether they were going to stop or not stop, and it just took them a few blocks to make that determination. Or maybe they were close to

home and they didn't want to get their car towed, so they drove home.

* * *

But this is the kind of offense that the statute should apply to. This was a very dangerous situation[. Y]ou led the police on a very prolonged chase at very high speeds[. I]t endangered everybody that was on the road, including the police that were chasing you.

And you end up hitting somebody's car, then you continue to take off from that.

So that kind of sets it apart.

*Id.* at 251-54. The court then ordered Binion to serve an aggregate term of two and one-half years in the Department of Correction. This appeal ensued.

## Discussion and Decision

[5]     Binion argues that his sentence is inappropriate in light of the nature of the offenses and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id.* Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess

the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[7] Here, Binion asserts that "the trial court sentenced [him] to [the] maximum sentence allowable for a Level 6 felony," which should not apply to him because his offenses were not the "worst offenses" and he is not the "worst . . . offender[]." Appellant's Br. at 4. But the premise underlying Binion's argument on appeal is mistaken. While the maximum sentence for a *single* Level 6 felony is two and one-half years, Ind. Code § 35-50-2-7 (West Supp. 2014), Binion committed *two* Level 6 felonies. And while the court imposed a term of two and one-half years for each of Binion's offenses, it ordered those terms to be served concurrently. Thus, Binion received half of

the sentence he could have received, and his only argument on appeal is without merit.

[8] In any event, Binion's sentence is not inappropriate in light of the nature of the offenses or his character. As the trial court stated, Binion turned a run-of-the-mill shoplifting into a high-speed chase that "endangered everybody that was on the road, including the police . . . ." Tr. at 254. And, as thoroughly detailed by the trial court, Binion has a lengthy criminal history that demonstrates his poor character. As such, we cannot say that his sentence is inappropriate under Indiana Appellate Rule 7(B).

[9] Affirmed.

Kirsch, J., and Barnes, J., concur.